E-FILED | 11/29/2021 10:06 AM
CC-33-2021-C-72
Morgan County Circuit Clerk
Melanie Shambaugh

IN THE CIRCUIT COURT OF MORGAN COUNTY, WEST VIRGINIA

WILLIAM H. RITTER, III, and
DONNA JOAN RITTER,

    Plaintiffs

vs.                                                             Civil Action No. 21-C-____

BRISTOL SPRINGS CUSTOM HOMES, LLC,

    Defendant.

## COMPLAINT

Come now the Plaintiffs, William H. Ritter, III, and Donna Joan Ritter, by their counsel, Charles S. Trump IV and the law firm of Trump and Trump, L.C. respectfully complaining to this Honorable Court as follows:

I.     PARTIES, the CONTRACT, JURISDICTION and VENUE

1. The Plaintiffs are husband and wife.

2. The Plaintiffs are the owners of certain real estate situate in the Timber Ridge District of Morgan County, West Virginia, being Lot #5 (containing 11.25 acres) as designated on the plat titled, "Lots 1 through 8, A Division of the Property of the Heirs of Carrie V. Henry," dated August 9, 2008, which plat is recorded in the Office of the Clerk of the County Commission of Morgan County, West Virginia in Map Book 9, at page 25. (the "Plaintiffs'

1

EXHIBIT B

Real Estate"). The Plaintiff's Real Estate has an address of 6757 Timber Ridge Road, Berkeley Springs, WV 25411.

3. The Defendant Bristol Springs Custom Homes, LLC ("Defendant Bristol Springs") is a West Virginia limited liability company organized and chartered on the 28th day of June, 2013, which has an address of 462 Anacostia Lane, Hedgesville, West Virginia 25427.

4. On or about the 26th day of March, 2021, the Plaintiffs and the Defendant Bristol Springs entered into a "RESIDENTIAL CONSTRUCTION CONTRACT" (the "Contract") for the construction of a home by the Defendant Bristol Springs upon the Plaintiffs' Real Estate ("the Plaintiffs' Home"). A copy of the Contract is appended hereto as Exhibit "A."

5. The Contract was to be performed in Morgan County, West Virginia.

6. Because the Contract was to be performed in Morgan County, West Virginia, this Court has subject matter jurisdiction of the matters set forth in this Complaint.

7. Because the Defendant Bristol Springs is a West Virginia limited liability company, this Court has jurisdiction over the Defendant Bristol Springs.

8. Because the Contract was to be performed in Morgan County, West Virginia, this Court is proper venue for adjudication of the matters set forth in this Complaint.

9. Because the Defendant Bristol Springs is a West Virginia limited liability company, this Court is proper venue for adjudication of the matters set forth in this Complaint.

II. FACTS

10. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 9, above, inclusive, just as if the same were set forth here *verbatim*.

11. On or about the 11th day of May, 2021, the Plaintiffs signed a note and a Deed of Trust encumbering the Plaintiffs' Real Estate with Jefferson Security Bank ("JSB") to borrow and finance a portion ($280,000.00) of the total contract price ($388,700.00) of the Contract with the Defendant Bristol Springs. The Plaintiffs' Deed of Trust securing JSB appears of record in the Office of the Clerk of the County Commission of Morgan County, West Virginia in Trust Deed Book 468, beginning at page 128.

12. The Plaintiffs have paid to the Defendant Bristol Springs a total of $194,350.00 in instalments/draws pursuant to the Contract. The payments by the Plaintiffs have been made as follows:

    a. DRAW 1: a total of $38,870, paid in two components:
        i. $5,000.00 deposit, paid on the 26th day of March, 2021, together with the signing of the Contract; and,
        ii. The sum of $33,870.00, paid on or about May 11, 2021, when the Plaintiffs closed their loan with JSB;
    b. DRAW 2: a draw/progress payment of $77,740.00 paid on the 3rd day of June, 2021;
    c. DRAW 3: a draw/progress payment of $77,740.00 paid on the 28th day of June, 2021;

13. On or about the 20th day of August, 2021, the Defendant Bristol Springs requested/demanded the next draw of $77,740.00 (Draw 4) from the Plaintiffs.

14. The Plaintiffs declined to pay the full draw to the Defendant Bristol Springs for the reasons that (1) the work required for release of the draw was not complete, and (2) there were deficiencies in the work that had been done by the Defendant Bristol Springs, to-wit:

a. As of August 20, 2021, the drip edge for the roof had not been installed. This deficiency had been called to the attention of the Defendant Bristol Springs in an e-mail dated July 21, 2021, to Bristol Springs from the Plaintiff William H. Ritter, III, and it had been the subject of follow-up conversations between the parties. The drip edge was not installed in accordance with the W.Va. residential building code adopted under the West Virginia Code of State Regulations, WV CSR §§87-4-1, et seq;

b. The wood-burning fireplace installation was incomplete as of August 20, 2021. This had been noted in an e-mail to the Defendant Bristol Springs dated July 20, 2021. The firebox has not been installed in accordance with the manufacturer's instruction. The outlet for the blower fans was not installed or wired. The insulation shield had not been installed and was sitting on the hearth. There was a screw missing from the flu pipe where it leaves the firebox. Moreover, the chimney was not weather-tight and water was leaking in;

c. The wiring from the well pump to the house had not been installed in accordance with the W.Va. residential building code adopted under the West Virginia Code of State Regulations, WV CSR §§87-4-1, et seq.

15. To cover the cost of remedying these deficiencies, the Plaintiffs directed their lender JSB to withhold the sum of $18,657.00 from Draw 4, with said sum to be held back temporarily until the Defendant Bristol Springs had corrected the deficiencies referenced above.

16. The Plaintiffs authorized disbursement to the Defendant Bristol Springs of the balance ($59,083.00) of Draw 4 upon the condition that Bristol Springs would be correcting the

deficiencies referred to above and upon the agreement of Bristol Springs that the $18,657.00 being withheld would be released to Bristol Springs only upon correction of the deficiencies.

17. The Defendant Bristol Springs refused to agree that it had any obligation to correct its mistakes, or complete its work which was substandard, defective and incomplete, and the Defendant Bristol Springs refused to accept the partial disbursement of $59,083.00 from Draw 4.

18. The Plaintiffs then discovered other deficiencies in work of the Defendant Bristol Springs, to-wit:

    a. The foundation walls had not been water-proofed as required by the residential building code in effect in West Virginia for a conditioned crawl space that would house the mechanical equipment for the house;

    b. The subcontractor / trades rough-in of the plumbing and HVAC had not been completed as required by the Contract for the release and payment Draw 4;

    c. The installation of the front door and garage doors had not been completed as required by the Contract for the release and payment Draw 4;

    d. Windows that had been installed by the Defendant Bristol Springs were cracked and need to be replaced;

    e. The back porch is defective for the reason that it holds water, and the water drains toward the house.

    f. The septic tank and drainfield have not been installed.

19. By letter dated September 3, 2021, from its counsel and addressed to the Plaintiffs, the Defendant Bristol Springs claimed falsely that it was owed the sum of $77,740.00 by the

Plaintiffs and threatened to file a mechanic's lien against the Plaintiffs' Real Estate if Defendant Bristol Springs was not paid within five days of the date of that letter.

20. In the same letter dated September 3, 2021, from its counsel and addressed to the Plaintiffs, the Defendant Bristol Springs also terminated the Contract that it had with the Plaintiffs, advising the Plaintiffs that the Defendant Bristol Springs "will no longer provide any contracting services to the home."

21. With their Contract having been terminated by Bristol Springs, LLC, the Plaintiffs are going to have to find another means to finish their home.

22. On or about the 15th of September, 2021, the Defendant Bristol Springs filed a Notice of Mechanic's lien against the Plaintiff's Real Estate, which Notice of Mechanic's Lien is recorded in the Office of the Clerk of the County Commission of Morgan County, West Virginia in Mechanic's Lien Book #3, at page 632. A copy of the Notice of Mechanic's lien is appended hereto as Exhibit "B."

### III. THE PLAINTIFF'S CAUSES OF ACTION

#### a. BREACH OF CONTRACT

23. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 22, above, inclusive, just as if the same were set forth here *verbatim*.

24. The Defendant Bristol Springs was required by the Contract to build the Plaintiffs' Home in a workmanlike manner.

25. For the reasons set forth in the statement of FACTS above, the Defendant Bristol Springs breached its obligation under the Contract to build the Plaintiffs' Home in a workmanlike manner.

26. The Defendant Bristol Springs was required by the Contract, and by law, to build the Plaintiffs' Home to the standard of the building codes in effect in Morgan County, West Virginia under the law.

27. For the reasons set forth in the statement of FACTS above, the Defendant Bristol Springs breached its obligation under the Contract and under the law to build the Plaintiffs' Home to the standard of the building codes in effect in Morgan County, West Virginia.

28. The Contract between the parties required the Defendant Bristol Springs to complete construction of the Plaintiffs' Home on or before September 15, 2021, except in circumstances delineated in paragraph 6 of the Contract, none of which is applicable here.

29. The Defendant Bristol Springs breached its obligation under the Contract to complete construction of the Plaintiffs' Home on or before September 15, 2021.

### b. NEGLIGENCE

30. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 29, above, inclusive, just as if the same were set forth here *verbatim*.

31. The Defendant Bristol Springs was negligent in performing the work that it was obligated to do under the Contract.

32. The Defendant Bristol Springs was negligent in engaging or supervising subcontractors or workers that Bristol Springs utilized to perform work that the Defendant Bristol Springs was obligated to do under the Contract.

33. The Defendant Bristol Springs was negligent in other ways in performing its duties under the Contract.

### c. SLANDER OF TITLE

34. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 33, above, inclusive, just as if the same were set forth here *verbatim*.

35. The Notice of Mechanic's Lien recorded among Morgan County, West Virginia's public land records by the Defendant Bristol Springs constitutes a false statement that the Defendant Bristol Springs has a lien upon the Plaintiffs' Real Estate.

36. The Notice of Mechanic's Lien recorded among Morgan County, West Virginia's public land records by the Defendant Bristol Springs was published by Defendant Bristol Springs when Defendant Bristol Springs recorded it among Morgan County, West Virginia's public land records.

37. The Notice of Mechanic's Lien recorded among Morgan County, West Virginia's public land records by the Defendant Bristol Springs constituted a false statement derogatory to the Plaintiffs' title to their Real Estate.

38. The actions of the Defendant Bristol Springs in publishing and recording the Notice of Mechanic's Lien among Morgan County, West Virginia's public land records by the Defendant Bristol Springs were intentional and done by the Defendant Bristol Springs with malice toward the Plaintiffs.

39. The intentional and malicious actions of the Defendant Bristol Springs in publishing and recording the Notice of Mechanic's Lien among Morgan County, West Virginia's public land records have damaged the Plaintiffs by diminishing the value of the Plaintiffs' Real Estate.

40. The intentional and malicious actions of the Defendant Bristol Springs in recording the Notice of Mechanic's Lien among Morgan County, West Virginia's public land records constitute the

elements of the common law tort of slander of title by the Defendant Bristol Springs, the slander of the Plaintiffs' title to the Plaintiffs' Real Estate.

### d. RECORDATION OF A FRAUDULENT LIEN

41. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 40, above, inclusive, just as if the same were set forth here *verbatim*.

42. The Notice of Mechanic's lien recorded among Morgan County, West Virginia's public land records by the Defendant Bristol Springs meets the definitions of "lien" contained in W.Va. Code §38-16-105.

43. The Notice of Mechanic's Lien recorded among Morgan County, West Virginia's public land records by the Defendant Bristol Springs constitutes a false statement that the Defendant Bristol Springs has a lien upon the Plaintiffs' Real Estate was made, and was presented or used by Defendant Bristol Springs with knowledge that the document was a fraudulent lien against the Plaintiffs' Real Estate.

44. The Notice of Mechanic's Lien recorded among Morgan County, West Virginia's public land records by the Defendant Bristol Springs, was made, presented or used by the Defendant Bristol Springs with the intent that the document be given the same legal effect as a document authorized as a mechanic's lien under the laws of this state, evidencing a valid lien or claim against the Plaintiffs' Real Estate.

45. The Notice of Mechanic's Lien recorded among Morgan County, West Virginia's public land records by the Defendant Bristol Springs was made, presented or used by the Defendant Bristol Springs with the intent to cause the Plaintiffs to suffer financial injury.

46. Under W.Va. Code §38-16-501, the Defendant Bristol Springs is liable to the Plaintiffs for the recording of the Notice of Mechanic's Lien for the greater of (A) $10,000; or (B) the actual damages caused by the violation, plus the Plaintiffs' court costs, reasonable attorney's fees; and exemplary damages in an amount determined by this Court.

### e. TORTIOUS INTERFERENCE WITH THE CONTRACT BETWEEN THE PLAINTIFFS AND JSB

47. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 46, above, inclusive, just as if the same were set forth here *verbatim*.

48. The Plaintiffs have a contract with Jefferson Security Bank.

49. The Plaintiffs' contract with Jefferson Security Bank is a borrower – lender relationship in connection with a construction loan.

50. The Defendant Bristol Springs is not a party to or part of the contractual relationship between the Plaintiffs and Jefferson Security Bank.

51. The Defendant Bristol Springs has acted intentionally to interfere with the contractual relationship between the Plaintiffs and Jefferson Security Bank.

52. The Plaintiffs have been harmed by the intentional actions of the Defendant Bristol Springs in that the Plaintiffs are without the means and resources to complete construction of their Home.

### IV. PROXIMATE CAUSE OF PLAINTIFFS' LOSSES AND DAMAGES

53. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 52, above, inclusive, just as if the same were set forth here *verbatim*.

54. The negligent actions of the Defendant Bristol Springs set forth above in this Complaint were the cause in fact and the proximate cause of the Plaintiffs' injuries, losses and damages set forth below.

## V. PLAINTIFFS' LOSSES AND DAMAGES ARE THE CONSEQUENCE OF THE DEFENDANT BRISTOL SPRINGS' BREACH OF THE CONTRACT

55. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 54, above, inclusive, just as if the same were set forth here *verbatim*.

## VI. PLAINTIFFS' INJURIES, LOSSES AND DAMAGES

56. The Plaintiffs here restate, reassert, and reaver all of the foregoing allegations set forth in paragraphs 1 through 55, above, inclusive, just as if the same were set forth here *verbatim*.

57. As a consequence of the breach of contract by the Defendant Bristol Springs, and as the proximate result of the negligence by the Defendant Bristol Springs, and as a consequence of the slander by the Defendant Bristol Springs of the Plaintiffs' title to the Plaintiffs' Real Estate and the filing by the Defendant Bristol Springs of a false lien against the Plaintiffs' Real Estate, all as set forth above in this Complaint, the Plaintiffs have suffered, and will suffer, the following injuries. Losses and damages:

   a. The Plaintiffs have had to expend substantial sums to correct the deficiencies, poor workmanship, Contract violations, negligence, and building code violations of the Defendant Bristol Springs;

   b. The Plaintiffs will not be able to complete their Home according to the plans and specification within the balance of the construction price contained within the parties' Contract;

    c. As a result of the filing of the mechanic's lien by the Defendant Bristol Springs, the Plaintiffs have had a portion their loan proceeds with JSB withheld from the Plaintiffs' ability to draw and utilize for completion of their Home;

    d. The Plaintiffs have had to rent other places to live because their Home is not complete pr habitable;

    e. The Plaintiffs have had to expend money to rent places to store their furniture and belongings because their Home is not complete or habitable;

    f. The Plaintiffs have had to incur costs and attorney's fees in connection with the conduct of the Defendant Bristol Springs delineated in Part III set forth above.

## VII. PRAYER FOR RELIEF

WHEREFORE, based upon all of the foregoing, the Plaintiffs pray that this Court will grant them the following relief:

    a. Judgment for such sums as the Plaintiffs have already expended to correct deficiencies, poor workmanship, Contract violations, negligence, and building code violations of the Defendant Bristol Springs;

    b. Judgment for such sums as the Plaintiffs have to expend in the future to correct uncorrected deficiencies, poor workmanship, Contract violations, negligence, and building code violations of the Defendant Bristol Springs;

    c. Judgment for such sum or sums of money in excess of $194,350.00, less such sums as the Plaintiffs have expended and must in the future to expend to correct uncorrected deficiencies, poor workmanship, Contract violations, negligence, and building code violations of the Defendant Bristol Springs, that it will take for the

Plaintiffs to complete the construction of their Home in accordance with the plans and specifications of the Contract;

d. Judgment for such sums as will fully compensate and reimburse the Plaintiffs for expenditures they have made to rent places to live after September 15, 2021, and for such expenditures that the Plaintiffs will continue to have to make in the future until the construction of their Home has been completed and the Plaintiffs can occupy it;

e. Judgment for such sums as will fully compensate and reimburse the Plaintiffs for expenditures they have made to rent places in which to store their furniture and personal belongings after September 15, 2021, and for such expenditures that the Plaintiffs will continue to have to make in the future until the construction of their Home has been completed and the Plaintiffs can occupy it;

f. Judgement for such sums as will reasonably and fairly compensate the Plaintiffs for the Plaintiffs' annoyance aggravation, and inconvenience;

g. Judgement for the Plaintiffs' reasonable attorney's fees and costs of litigation;

h. Judgment for such incidental and ancillary expenses which the Plaintiffs have incurred or will incur in connection with actions that they may have to take to complete their home, including, but not limited to, additional interest and finance costs, closing costs, and other expenses;

i. Judgment for a civil penalty or actual damages established for the Defendant Bristol Springs' violation of W.Va. Code §38-16-501;

j. Judgment vacating and declaring void the Notice of Mechanic's lien filed by the Defendant Bristol Springs against the Plaintiffs' Real Estate;

k. Prejudgment and post-judgment interest on any sums awarded to the Plaintiffs under this Complaint;

l. Such other relief as may be meet and just under the facts and circumstances of this case.

THE PLAINTIFFS DEMAND A TRIAL BY JURY.

Most respectfully submitted.

>William H. Ritter, III, and
>Donna Ritter,
>Plaintiffs,
>by their counsel,
>
>/s/ Charles S. Trump IV
>Charles S. Trump IV
>WV Bar ID #3806
>Trump and Trump, LC
>171 S. Washington Street
>Berkeley Springs, WV 25411
>(304) 258-1414
>ctrump@trumpandtrump.com