E-FILED | 10/30/2023 9:51 AM
CC-33-2021-C-72
Morgan County Circuit Clerk
Melanie Shambaugh

## IN THE CIRCUIT COURT OF MORGAN COUNTY, WEST VIRGINIA

| | |
|---|---|
| WILLIAM H. RITTER, III and DONNA JOAN RITTER, | Civil Action No: CC-33-2021-C-72 |
| Plaintiffs, | JUDGE DEBRA MCLAUGHLIN |
| v. | |
| BRISTOL SPRINGS CUSTOM HOMES, LLC, | |
| Defendant. | |

### DEFENDANT BRISTOL SPRINGS CUSTOM HOMES, LLC'S MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, TO ALTER OR AMEND JUDGMENT

NOW COMES the Defendant, Bristol Springs Custom Homes, LLC, by and through their undersigned counsel and moves this Court, pursuant to Rules 59(a) and 59(e) of the West Virginia Rules of Civil Procedure, to grant it a new trial on damages or, in the alternative, to alter or amend this Court's Final Judgment Order.

**Factual and Procedural History**

1. On October 4, 5, 6, and 10, a trial was conducted in the above referenced matter being Civil Action No. CC-33-2021-C-72.

2. On October 10, 2023, the jury returned a verdict for the Plaintiff, finding that Defendant breached the contract first, was negligent in performing its work or in managing the work for Plaintiffs, and awarding Plaintiffs $325,000 in damages as to their claims. The jury also found that Defendant did not prove by a preponderance of the evidence that Plaintiffs breached the contract first, that Plaintiffs were not unjustly enriched by the labor and materials provided by Defendant, and awarded zero dollars in damages as to Defendant's counterclaim.

1

EXHIBIT D

3. Defendant contends that this verdict is against the clear weight of the evidence. Defendant now seeks, pursuant to Rule 59 of the West Virginia rules of Civil Procedure, to set aside the verdict and request a new trial, or alternatively, to alter or amend the judgment.

## Standard of Review

4. Under Rule 59 of the West Virginia Rules of Civil Procedure, a new trial may be granted to any or all of the parties and on any or all of the issues tried by a jury for any reasons new trials are granted under the law. The Supreme Court of Appeals of West Virginia has held:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

Syl. Pt. 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983); *see also* Syl. Pt. 3, *Walker v. Monongahela Power Co.*, 147 W.Va. 825, 131 S.E.2d 736 (1963). Further, when a trial court vacates a verdict and awards a new trial pursuant to Rule 59, the trial court has the authority to weigh the evidence and consider the credibility of the witnesses. Syl. Pt. 3, in part, *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. denied*, 515 U.S. 1160, 115 S.Ct. 2614 (1995). "If the trial judge finds the verdict is against the clear weight of the evidence, ... or will result in a miscarriage of justice, the trial judge may set aside the verdict, **even if supported by substantial evidence**, and grant a new trial." *Id.* (emphasis added). Further, a new trial should be granted if "prejudicial error has crept into the record." *Id.* at 124, 418. Thus, although it is the exclusive province of the jury to weigh the evidence and resolve questions of fact when testimony is conflicting, a jury's verdict still must not be against the clear weight of the evidence.

2

Furthermore, "a trial judge, unlike this Court, is in a unique position to evaluate the evidence." *In re Pub. Bldg. Asbestos Litig.*, 193 W. Va. At 126, 454 S.E.2d at 420. As such:

> Given the trial court's intimidate familiarity with the proceedings, the trial court "may weigh evidence and assess credibility in ruling on the motion for a new trial." *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433 (4th Cir. 1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). There are many critical events that take place during a trial that cannot be reduced to record, which may affect the mind of the judge as well as the jury in forming the opinion as to the weight of the evidence and the character and credibility of the witnesses. These considerations can [not] and should not be ignored in determining whether a new trial was properly granted. *Id.*, 193 W.Va. at 132-33, 454 S.E.2d at 426-27.

Consequently, the trial judge has a unique knowledge of what occurred at trial that no other judge can have. Given such unique knowledge and intimate familiarity with the proceedings, it is perfectly proper for the trial judge to use and consider that peculiar and personal knowledge when weighing the evidence and assessing the credibility in ruling on the Motion for a new trial. *Id.*

## Legal Argument

**A. The Jury made Improper Reductions regarding Damages Awarded to the Plaintiffs.**

5. As set forth in Plaintiffs' Pre-Trial Memorandum, "Bristol Springs had contracted to build Bill and Donna's home for $388,700. In the end, the cost to the Ritters has been $589,812.04. Not counting attorney's fees and litigation costs, the Ritters are out of pocket by $201,112.04." *See* Plaintiffs' Pre-trial Memorandum at p. 6, attached herein as **Exhibit "A."**

6. At trial, Plaintiffs' Exhibit 189 further laid out the alleged economic damages sustained by Plaintiffs, reducing that total from the $201,112.04 previously claimed, to $165,888.90.

7. Plaintiffs' Exhibit 3 at trial, being the at-issue contract, included allowances with specific amounts to be considered under the contract. For example:

3

    a. An allowance of $18,000 for "Cabinets, kitchen countertop, vanities and tops, Laundry room cabinets and all knobs," in addition to a cabinet increase via an option opted into under the contract in the amount of $3,000.
    b. An allowance of $2,000 for "Snail shower tile, walls, floors, shelve and bench and floor."
    c. An allowance of $1,200 for "Front door allowance."
    d. An extra, opted into under the contract, of $2,720.00 for "Dog bath with subway tile (white) & Fiberglass pan."

8. As set forth in Plaintiffs' Exhibit 189, Plaintiffs allegedly incurred the following costs in relation to the above described allowances and extras:

    a. Front door costs of $3,500, minus $1,262.57 paid for door not delivered, totaling $2,237.43. This is $1,037.43 over the allowance.
    b. Master Bath Tile Shower & Floor costs of $9,717.23. This is $7,717.23 over the allowance.
    c. Pet Bath costs of $4,930.75. This is $2,210.75 over the extra amount opted into under the contract.
    d. Kitchen, Bathrooms & Mud Room Cabinets, Sinks, Counter Tops Pulls - $32,484.94. This is $11,484.94 over the allowance.

9. Also within the $165,888.90 sought by Plaintiffs was an amount of $41,873.49 in indirect costs. This figure accounts for labor charged by Plaintiffs, moving expenses for a one-year leased apartment in Hagerstown, Maryland, other storage costs, and mileage charged by Plaintiffs for travel to and from the project site.

10. At trial, on cross-examination of William Ritter, Attorney Doug LaSota questioned Mr. Ritter at length regarding the over 50 trips to and from Baltimore, Maryland to the project. As established by Mr. Ritter's trial testimony, the purposes of the trips varied, e.g., from meeting different contractors at the project site, to simply accepting deliveries which, with William Ritter as general contractor, were under his control as to delivery times.

11. Mr. Ritter's trial testimony also established that from the time of the termination of the contract, it took Mr. Ritter, as general contractor, approximately one year to finish the

4

project, despite their own expert, Mohamed Hassan, testifying that completion of the project, following the termination of the contract, should have taken approximately two to three months.

12. Despite all of the above, the jury awarded $325,000 to Plaintiffs and nothing to Defendant regarding their counterclaim. Plaintiffs had sought $165,888.90. Granted, Plaintiffs also sought non-economic damages for inconvenience and aggravation, which based upon the verdict, the jury then awarded to Plaintiffs in the amount of $159,111.10.

13. Plaintiffs' sought non-economic damages for inconvenience and aggravation based largely upon Donna Ritter's trial testimony concerning her year apart from William Ritter.

14. The trial testimony of both William Ritter and Donna Ritter shows that Donna Ritter was residing in Hagerstown, Maryland, per a full one-year lease, as it was close the University of West Virginia Hospital where she had taken a job. During this same one-year period, William Ritter chose to stay in Baltimore, Maryland with his brother-in-law, due to the six or seven dogs owned by he and his wife, and the fact that only two of those dogs could be kept in the Hagerstown, Maryland apartment.

15. The verdict was against the clear weight of the evidence and the Court should set it aside and grant a new trial. *Lamphere v. Consolidated Rail Corp.*, 210 W.Va. 303, 557 S.E.2d 357 (2001).

16. Based on the $325,000 verdict in favor of Plaintiffs, the jury presumably awarded Plaintiffs the full $165,888.90 sought by Plaintiffs in Plaintiffs' Trial Exhibit 189, with absolutely no regard or consideration to the allowances and extras allowed pursuant to the contract.

17. Even assuming that based upon the weight of the evidence the jury could have concluded Plaintiffs were owed the full $165,888.90 they sought via Plaintiffs' Trial Exhibit 189,

5

which Defendant adamantly denies, the jury also awarded $159,111.10 for inconvenience and aggravation related to Plaintiffs' decision to live apart for a year in order to house their dogs as they saw fit, rather than simply opting to make arrangements that would have allowed Plaintiffs to remain together and avoid their self-inflicted inconvenience and aggravation.

18. Therefore, the economic and non-economic damages awarded to Plaintiffs by the jury were not only against the weight of the evidence, but awarding Plaintiffs the $325,000 would result in a miscarriage of justice due to the amount of the overall award having no clear basis in the trial testimony and admitted evidence.

19. In the alternative, based upon the clear prejudicial errors in the basis for the jury's calculations of economic and non-economic losses sustained by Plaintiffs, Defendant moves that the jury be recalled and questioned as to the calculation of said damages.

**B.   The Jury Verdict on Defendant's Counterclaim was Contrary to the Undisputed Evidence.**

20. In its Counterclaim, Defendant sought $101,691.79 on alternate theories of breach of contract and unjust enrichment, but the jury awarded no damages on either theory.

21. However, the trial testimony and evidence clearly shows that, at the very least, a significant portion of Draw #4 was completed, for which $77,740 was owed pursuant to the contract, in addition to extras completed as requested by Plaintiffs and not paid, and for work under Draw #5 completed by Defendant but not paid.

22. At trial, both Defendant and its expert witness, James Amenta, testified to the labor and materials Defendant provided to Plaintiffs' home pursuant to Draw #4, Draw #5, and extras completed and not paid in the amount of $101,691.79.

23. Plaintiffs' expert witness did not testify to the labor and materials claimed by Defendant pursuant to its Counterclaim, and Plaintiffs did not deny that the labor and materials pursuant to Draw #4, Draw #5, and extras completed were provided.

24. In *Investors Loan Corp. v. Long*, the Supreme Court of Appeals of West Virginia granted a motion for new trial under Rule 59(a) of the West Virginia Rules of Civil Procedure because the verdict was contrary to the evidence. *Investors Loan Corp. v. Long*, 152 W. Va. 673, 679, 166 S.E.2d 113, 117 (1969). The evidence at trial established the plaintiff's claim for amounts due under a loan in the amount of $1,085.30, which was not disputed "and no evidence to the contrary was offered by or on behalf of the defendants." *Id*. Therefore, the Court held that "the judgment of $1.00 against both defendants is not supported by any evidence, is inadequate and indicates partiality on the part of the jury in favor of the defendants and against the plaintiff." *Id*.

25. Just like in *Long*, here, the evidence at trial established that Defendant provided labor and materials to Plaintiffs' home pursuant to Draw #4, Draw #5, and extras completed that Plaintiffs did not pay for in the amount of $101,691.79. No evidence was offered by Plaintiffs to the contrary.

26. The jury's award of no damages to Defendant on its Counterclaim is against the weight of the evidence, particularly as to its claim for unjust enrichment, and too "indicates partiality on the part of the jury in favor of the [Plaintiffs] and against the [Defendant]."

27. Therefore, the judgment entered for no damages to Defendant on its counterclaim should be reversed and set aside, and Defendant should be granted a new trial on its Counterclaim.

## Conclusion

Accordingly, the Defendant respectfully requests that the Court grant the Defendant's Motion for a New Trial and set aside the jury verdict and order a new trial in this matter or for a jury inquiry or addition, as well as such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**MARSHALL DENNEHEY**

BY: */s/ Nathan Marinkovich*
NATHAN D. MARINKOVICH, ESQUIRE
WV State Bar No. 14080
DOUGLAS C. LASOTA, ESQUIRE
WV State Bar No. 13575
ndmarinkovich@mdwcg.com
dclasota@mdwcg.com
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
Telephone:  (412) 803-3470
Facsimile:   (412) 803-1188

**BOWLES RICE, LLP**

BY: *s/s Liana L. Stinson*
CHARLES F. PRINTZ, JR, ESQUIRE
WV State Bar No. 2985
LIANA L. STINSON, ESQUIRE
WV State Bar No. 13968
101 South Queen St.
Martinsburg, WV 25401
Telephone: (304) 263-0836
Facsimile:  (304) 267-3822
cprintz@bowleserice.com
lstinson@bowlesrice.com

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Bristol Springs Custom Homes, LLC does hereby certify that a true and correct copy of the foregoing **DEFENDANT BRISTOL SPRINGS CUSTOM HOMES, LLC'S MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, TO ALTER OR AMEND JUDGMENT**, was served on the *30th day of October, 2023* upon all counsel of record **via the West Virginia e-filing system**, as follows:

Charles S. Trump, Esquire
ctrump@trumpandtrump.com
TRUMP & TRUMP, LC
171 S. Washington Street
Berkeley Springs, WV 25411
*(Counsel for Plaintiffs)*

Liana Stinson, Esquire
lstinson@bowlesrice.com
BOWLES RICE, LLP
101 S. Queen Street
Martinsburg, WV 25401
*(Additional Counsel for Bristol Springs Custom Homes, LLC)*

Respectfully submitted,

**MARSHALL DENNEHEY**

BY: _____
NATHAN D. MARINKOVICH, ESQUIRE
WV State Bar No. 14080
DOUGLAS C. LASOTA, ESQUIRE
WV State Bar No. 13575
ndmarinkovich@mdwcg.com
dclasota@mdwcg.com
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 803-3470
Facsimile: (412) 803-1188

9