E-FILED | 11/13/2023 5:04 PM
CC-02-2023-C-453
Berkeley County Circuit Clerk
Michelle R. Schoppert

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

| | |
|---|---|
| **BRISTOL SPRINGS CUSTOM HOMES, LLC;** | * * * |
| Plaintiff. | * * |
| v. | *   Civil Action No.: |
| | *   Hon. Judge: |
| **ARGO GROUP US, Inc.,** | * |
| **COLONY INSURANCE CO.,** | * * |
| Defendants. | * |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS THE ARGO GROUP US, INC. and COLONY INSURANCE COMPANY

**NOW COMES** your plaintiff, Bristol Springs Custom Homes, pursuant Rules 26 through 37 of the West Virginia Rules of Civil Procedure who makes the following discovery inquiries:

TO:  The Argo Group US, Inc.
     711 Broadway St. Ste. 400
     San Antonio, TX, 78215-1816

     and

     Colony Insurance Company
     225 W. Washington St., Fl 24
     Chicago, IL 60606-3560

In accordance with the provisions of the West Virginia Rules of Civil Procedure and subject to the following instructions and definitions, the plaintiff formally request that defendants Argo Group US, Inc., and/or Colony Insurance Company (hereinafter sometimes referred to as "defendants"):

1

**EXHIBIT**

I

(1)     Answer in writing, under oath, the following Interrogatories and Requests for Production within forty-five (45) days after service of the summons and complaint, which are intended to be continuing in nature so as to require additional answers as information bearing thereon becomes available to you or your attorney; and

(2)     Attach copies of all documents requested as kept in the ordinary course of business or, alternatively, produce said documents to plaintiff's counsel in an electronic format which is in a keyword searchable format and indexed. Please also identify which documents are responsive to which Interrogatories and which Requests for Production and if a particular document is responsive to more than one Interrogatory and/or Request for Production, please state the same. Also, please provide an index to the materials which are produced.

## **INSTRUCTIONS**

1.      In answering these Requests, furnish all information which is available to you, including information in the possession of your attorney. If additional space is required, answer on a separate sheet indicating the number of the Interrogatory answered. If you cannot answer any of the following Requests in full, after exercising due diligence to secure the information to do so, state and answer to the extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

2.      Each Interrogatory and/or Request is to be answered separately and as completely as possible. The omission of any name, fact, or other representation

that such name, fact, or item was not known to the defendant, counsel, or other representatives at the time of the service of the answers will be deemed controlling.

3. These Interrogatories and/or Requests are to be continuing in nature such that all answers and/or requested documents and things obtained, prepared and/or otherwise generated in the future through the completion of these proceedings are requested to be produced.

6. All information sought is reasonably calculated to lead to the discovery of admissible evidence and should be provided.

7. An individual and/or entity which has knowledge of the information sought if he/she/it has the access, ability, and control to obtain the information and/or document(s).

8. The failure to truthfully, adequately, and timely file responses to these Interrogatories and/or Requests for Production can result in the imposition of monetary sanctions against you. Counsel for all parties has a good faith duty to participate in the discovery process.

9. Unless otherwise stated specifically, the defendant should limit its answer to a ten-year period from the date of the incidents described in the plaintiff's Complaint through the present.

10. To the extent that the defendant asserts that any document is confidential, proprietary, privileged and/or otherwise objectionable, please produce a privilege log with your response to the Plaintiff's First Request for Production. Furthermore, to the extent that an objection is made to a portion of a discovery

inquiry, please respond to the portion of the discovery request which you maintain is not objectionable. Such objections should be made on a document by document basis.

11. Please produce any document, including claims file, in full and actual color.

## DEFINITIONS

The following definitions shall apply throughout the discovery inquires and/or Interrogatories/Requests:

1. The words "defendant," "you," and "your" include the named corporate defendant, and its agents, investigators and representatives, in house counsel to the extent that in house counsel manages, controls and/or supervises adjustment, valuation and/or investigation of a claim, and persons acting or purporting to act on defendant's behalf, for its benefit, or in its employ.

2. The words "indicate," "describe," and/or "state" shall mean:

    a. Describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law;

    b. Particularize as to time, place, and manner; and

    c. Thoroughly explain your answer and/or conclusion.

3. The word "identify" or "indicate" as used in connection with a person or persons means to state the name, title, present address, and telephone number of such person or persons, along with facts in support of your answer.

4. The word "identify" as applied to any document means to state the following:

  a. Its date;

  b. The identity of its author;

  c. The identity of its sender;

  d. The identity of the person to whom it was addressed;

  e. The identity of the recipient;

  f. The format;

  g. The title;

  h. The number of pages; and

  i. The identity of the persons known or believed to have possession, custody, or access to the documents.

5. The word "document" shall mean the original and any copy of any written, printed, typed, recorded or graphic matter, whether in draft form or otherwise including but not limited to memoranda, financial records, reports, notes, agenda, calendar entries, correspondence, employment records, contracts, e-mail, agreements, canceled or not cancelled checks, tapes or other video or audio recordings transcripts thereof in the possession and/or control of the defendant or agent(s) of the defendant or known by the defendant to exist.

6. Where appropriate, the singular means the plural and the plural means the singular.

7. "Training Material" when used in the following Request for Production of Documents means any document that is designed to instruct or provide guidance on how claims submitted by insureds of the defendant are to be covered, adjusted, valued, reserved and paid. This includes, but is not limited

to, newsletters, seminar information, correspondence, e-mails, continuing education materials, documents produced by the company, notices, procedures, claims manuals, training manuals and/or computerized training documents. This definition is intended to encompass any and all materials that are intended to guide or instruct adjusters and/or others working on behalf of the defendant.

8. The phrase "claim involved in this litigation" means the claim submitted by the plaintiff that is the subject of the plaintiff's Complaint.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Please state the name, address, telephone number, position with Defendant(s) of any and all persons contributing to, answering or supplying information contained in the answers or responses to the following Interrogatories and Request for Production, and specify to which answer or response they contributed, answered or supplied information.

**ANSWER:**


**INTERROGATORY NO. 2**: Please describe in detail the date and substance of each communication between defendant(s) and/or its agents and any witness interviewed from the date of the loss in question to the present. For each communication please describe, the type of communication, whether phone call or correspondence, and a brief synopsis of the substance of each communication.

**ANSWER**:

6

**INTERROGATORY NO. 3**: Describe all payments made by Defendant and/or its agents stemming from the loss which is the subject matter of the plaintiff's Complaint including amounts paid, reason for payment, and identify the individual receiving the same.

**ANSWER:**

**INTERROGATORY NO. 4**: Please describe each and every step that was taken by Defendant(s) or its agents in the investigation of the coverage determination regarding the loss described in the civil Complaint that was filed in the Circuit Court of Morgan County, West Virginia, styled *William H. Ritter, III, and Donna Joan Ritter v. Bristol Springs Custom Homes, LLC*, CC-33-2021-C-72 (hereinafter sometimes referred to as the "underlying Complaint"). For each step in the investigation, please list the dates and person(s) involved and what information was obtained.

**ANSWER**:

**INTERROGATORY NO. 5:** For each denial in your Answer to Plaintiff's Complaint, please state the complete, legal and factual basis for the same, and for each affirmative defense listed in your Answer to Plaintiff's Complaint, please state the complete, legal and factual basis for the same. With respect to the legal basis please describe any and all case law and statutory authority that support Defendant's position.

**ANSWER:**

**INTERROGATORY NO. 6:** Please identify any and all lay witnesses, as well as expert witnesses, you may call to testify at the time of trial in this matter. For each witness identified, please provide a brief summary of said witness's anticipated testimony.

**ANSWER:**

**INTERROGATORY NO. 7:** List all documents reviewed in responding to Plaintiff's Interrogatories and Request for Production.

**ANSWER:**

**INTERROGATORY NO. 8:** Please provide the names, addresses, and job description of all your adjusters, underwriters, claims specialists, agents, investigators, employees, and independent contractors who have worked on, made decisions on coverage, or handled Plaintiff(s)'s claim(s) stemming from the loss described in the civil Complaint that was filed in the Circuit Court of Morgan County, West Virginia, styled *William H. Ritter, III, and Donna Joan Ritter v. Bristol Springs Custom Homes, LLC*, CC-33-2021-C-72 (hereinafter sometimes referred to as the "underlying Complaint").

**ANSWER:**

**INTERROGATORY NO. 9:** Please identify all documents and other information including, manuals, policies, procedures, e-mails, memorandum, directives, treatises, literature, other publications, and all printed or electronic information/communications, both internal and external, that Defendant relied upon in any manner for its coverage determination and/or to adjust the Plaintiff's claims arising from loss described in the civil Complaint that was filed in the Circuit Court of Morgan County, West Virginia, styled *William H. Ritter, III, and Donna Joan Ritter v. Bristol Springs Custom Homes, LLC*, CC-33-2021-C-72 (hereinafter sometimes referred to as the "underlying Complaint").

**INTERROGATORY NO. 11:** Please list the training provided by defendant(s) to Dawn Larson, regarding claims for negligent workmanship under a commercial general liability policy issued by Colony Insurance Company.

**ANSWER:**


**INTERROGATORY NO. 12:** Identify all methods, tools, methodologies, computer programs or other systems used to determine coverage, value, analyze, approve, disapprove or organize claims for negligent workmanship under a commercial general liability policy issued by Colony Insurance Company in West Virginia.

**ANSWER:**


**INTERROGATORY NO. 13:** Identify any policies, procedures, guidelines, directives, memos or any other documents setting forth the standards, rules, guidelines or protocols Defendant(s)'s adjusters to follow in making coverage determinations, claim handling and adjusting claims for negligent workmanship under a commercial general liability policy issues by Colony Insurance Company in West Virginia.

**ANSWER**:

**INTERROGATORY NO. 14**: Identify all files, electronic, paper or otherwise, you maintain concerning Plaintiff Briston Springs Custom Homes, LLC, William H. Ritter, III, and/or Donna Joan Ritter.

**ANSWER**:


**INTERROGATORY NO. 15:** Please list what qualifications and training defendant(s) require of its adjusters, managers and/or claims employees to make coverage determinations, adjust and investigate negligent workmanship under a commercial general liability policy issues by Colony Insurance Company in West Virginia.

**ANSWER:**


**INTERROGATORY NO. 16:** At any time during the last 10 (ten) years, have either or both defendant(s) been sued for common law or statutory violations involving wrongful failure to settle, delay of payments, failure to investigate, or any other extra-contractual claims handling matter in the State of West Virginia? If so, for each lawsuit please provide the following information:

a. the name of the plaintiff(s) bringing the suit;
b. the case number;
c. the jurisdiction in which the suit was filed;
d. how the lawsuit was resolved; and
e. a description of the claims at issue.

**ANSWER:**

**INTERROGATORY NO. 17:** Please state if depositions have been taken of defendant(s)'s employee(s), agent(s), representative(s), adjuster(s), manager(s) or other personnel who participated, supervised and/or managed the claims personnel involved in the plaintiff's claim for insurance benefits which is the subject matter of the instant suit. Please also state whether a Rule 30(b)(6) deposition of the defendant was taken regarding any matter relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of the electronic transcript and/or video of said deposition. If so, please identify the lawsuit with particularity, the names of the parties, where suit was filed, the identity of counsel for the parties, the name of the person deposed, and the state in which they were deposed. You may limit your answer to cases alleging violations of West Virginia insurance law.

**ANSWER:**

## REQUESTS FOR PRODUCTION

You are requested to produce the following documents, writings, memoranda, written statements, reports, records, files, data or data compilations, logs, photographs, drawings, graphs, charts, recordings, other tangible evidence etc. pursuant to the Federal Rule of Civil Procedure. Plaintiff hereby requests that Defendant and its attorneys produce for examination, inspection and or copying the following documents and other any other evidence within thirty (30) days of service.

**REQUEST NO. 1:** Provide a complete copy of the Claims File(s) related in any manner to the Complaint that was filed in the Circuit Court of Morgan County, West Virginia, styled *William H. Ritter, III, and Donna Joan Ritter v. Bristol Springs Custom Homes, LLC*, CC-33-2021-C-72, file number: L-099-1037477, policy number 600 GL 0032310-01, including a copy of the file jacket (inside and out), including but not limited to, statements taken, all photographs, video recordings, all audio recordings and copies of all payments made.

A. For each and every portion of the file contained on computer please print a paper copy of each portion.

B. If any information has been deleted from either the paper file or the computer file, please identify what documents/information was deleted, the contents of the same, and the reason for deletion.

C. Include instructions regarding investigation and coverage questions.

**RESPONSE**:


**REQUEST NO. 2:** Produce a certified copy of any insurance policy/policies in effect that may provide Plaintiff with coverage for the loss described in the Complaint that was filed in the Circuit Court of Morgan County, West Virginia, styled *William H. Ritter, III, and Donna Joan Ritter v. Bristol Springs Custom Homes, LLC*, CC-33-2021-C-72 complete with attachments, endorsements, amendments, and agreements to modify the policy.

**RESPONSE**:

**REQUEST NO. 3:** With respect to the instant case produce copies of all correspondence, documents, memoranda, minutes of meetings, memos or other information produced or received by Defendant that in any way related to the Complaint that was filed in the Circuit Court of Morgan County, West Virginia, styled *William H. Ritter, III, and Donna Joan Ritter v. Bristol Springs Custom Homes, LLC*, CC-33-2021-C-72.

**RESPONSE:**

**REQUEST NO. 4:** Produce any films, photographs, or other media source, correspondence, memorandum or other communication regarding any surveillance of Plaintiff by any defendant, their agents, or other representatives regarding the subject matter of teh Complaint that was filed in the Circuit Court of Morgan County, West Virginia, styled *William H. Ritter, III, and Donna Joan Ritter v. Bristol Springs Custom Homes, LLC*, CC-33-2021-C-72.

**RESPONSE:**

**REQUEST NO. 5:** Please produce the employment and personnel files for every person working on behalf of Defendant(s) identified in your answers to the above interrogatories. Please redact all social security numbers and other personal, identification information. Plaintiff is seeking information on the person's education, training, discipline, and pay structure. Produce a complete copy of the personnel file for every adjuster, employee or agent who participated in the adjusting, handling or investigation of Plaintiff's claim, including goals, incentive, corrective actions, reprimands, personnel review documents and bonuses.

**RESPONSE:**

**REQUEST NO. 6:** Produce all documents, surveys, analytics, recordings or compilations of any sort, and all communications emails, letters, correspondence, writings, or electronically stored information related to adjuster, supervisor, and manager bonus plans, profit sharing plans, or performance incentive plans in effect for employees handling claims in West Virginia from 2018 to the present.

**RESPONSE**:

**REQUEST NO. 7**: Please produce all documents, materials, communications/information, including treatises, literature, and other publications identified in your answers to the above interrogatories.

**RESPONSE:**


**REQUEST NO. 8:** Produce a complete copy, in electronic and written form, of all manuals, desk books, policies, procedures, codes of ethics, guidelines, company directives, and instructional and training materials related to investigations, claims evaluation, and adjusting, pertaining to negligent workmanship under a commercial general liability policy issued by Colony Insurance Company, claims handling generally, and claims handling specifically related to West Virginia negligent workmanship under a commercial general liability policy, from 2018 to present.

**RESPONSE:**


**REQUEST NO. 9:** Please provide true, correct and legible copies of each and every item that you may or will introduce as an exhibit at the trial of this matter. Please separately identify which documents may be introduced and which will be introduced.

**RESPONSE:**

Respectfully submitted,
**Bristol Springs Custom Homes, LLC**,
plaintiff,

By: /s/ George N. Sidiropolis
George N. Sidiropolis, Esq. (#10391)
**Flanigan Legal, PLLC**
1140 Main Street, 4th Floor
Wheeling, WV 26003
Phone: (304) 233-7766
george@flaniganlegal.com

/s/ Martin P. Sheehan
Martin P. Sheehan, Esq. (#4812)
**Sheehan & Associates, PLLC**
1140 Main Street, Suite 333
Wheeling, WV 26003
Phone: (304) 232-1064
Fax: (304) 232-1066
martin@msheehanlaw.net

/s/ Aaron C. Amore
Aaron C. Amore, Esq. (#6455)
**Amore Law, PLLC**
206 West Liberty Street
Charles Town WV, 25414
aaron@amorelaw.com