IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRISTOL SPRINGS CUSTOM**
**HOMES, LLC,**

    Plaintiff,

v.                                              CIVIL ACTION NO.: 3:23-CV-246
                                                    (GROH)

**ARGO GROUP US, INC.,**
**and COLONY INSURANCE CO.,**

    Defendants.

**ORDER DENYING IN PART AND GRANTING IN PART**
**THE DEFENDANTS' MOTION TO DISMISS**

Pending before the Court is the Defendants' Motion to Dismiss. ECF No. 5. The Plaintiff filed a response in opposition, and the Defendants entered a reply in support. ECF Nos. 11, 12. Accordingly, the matter is fully briefed and ripe for review. For the below reasons, the Defendants' Motion shall be denied in part and granted in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of the alleged mishandling of a commercial general liability insurance policy. The following facts are taken, as they must be at this stage, as alleged in the Complaint.

Bristol Springs Custom Homes, LLC, ("the Plaintiff") is a custom home builder licensed in the state of West Virginia. ECF No. 1-1 ¶ 1. In maintaining its business, the Plaintiff procured a commercial general liability policy ("the Policy") from Colony Insurance

Company ("Colony") and its parent company, Argo Group US, Inc. ("Argo") (together, "the Defendants"). See id. ¶¶ 8, 79.

On November 29, 2021, two individuals initiated a civil action ("the underlying action") against the Plaintiff, alleging defective construction of their home. Id. ¶¶ 19, 22. Thereafter, the Plaintiff submitted a claim to the Defendants under the Policy. Id. ¶ 28. The Defendants ultimately issued a Reservation of Rights letter on February 16, 2022. Id. ¶ 39. The Complaint states the letter "attempted to assert exclusions which were clearly inapplicable . . . and contrary to well settled West Virginia law" and "attempted to assert frivolous coverage defenses in a concerted effort to avoid paying clearly covered losses." Id. ¶¶ 41, 43. Further, the Complaint proffers the Defendants made "[n]o real effort . . . to delineate what claims [they believed] were covered and what claims . . . [were] not covered." Id. ¶ 42.

As the underlying action proceeded, two expert reports were introduced. The Plaintiff's expert concluded the construction of the home was not defective, while the homeowners' expert concluded the construction was of "poor quality." Id. ¶¶ 47, 49. The Complaint avers that, throughout the underlying action, the Defendants "refused to make meaningful settlement offers to avoid a trial or the risk of a judgment being imposed against" the Plaintiff. Id. ¶ 52. Consequently, the underlying action proceeded to a jury trial, which resulted in a judgment against the Plaintiff in the amount of $325,000. Id. ¶ 55. The Plaintiff asserts the Defendants "refused to pay the judgment, in whole or in part[,] . . . [and/or to] take a clear position regarding what is and what is not a covered loss under" the Policy. Id. ¶¶ 56, 57. The Plaintiff contends the Defendants' "efforts to avoid

paying the jury verdict are unmerited" and violate the terms of the Policy and the West Virginia Unfair Trade Practices Act ("WVUTPA"). Id. ¶¶ 67, 101–02.

Based on the above, the Plaintiff initiated the present case by filing the Complaint in the Circuit Court of Berkeley County, West Virginia, on November 13, 2023. Id. at 1. On December 12, 2023, the Defendants removed the matter to this Court. ECF No. 1. The Defendants then filed a Motion to Dismiss on December 19, 2023. ECF No. 5. The Plaintiff filed a response in opposition, and the Defendants entered a reply. ECF Nos. 11, 12.

## II.  LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

3

When reviewing a Rule 12(b)(6) motion, a court assumes the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff, and views the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678–79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### III.   DISCUSSION

The Complaint includes two Counts. See ECF No. 1-1 at 14–21. Count One outlines breach of contract claims against the Defendants based on Colony's refusal to pay and Argo's substantial encouragement and assistance in the same. Id. at 14–18. Additionally, Count One alternatively alleges Argo "tortiously interfered with the insurance contract between Colony . . . and [the Plaintiff]." Id. ¶ 98. Count Two asserts bad faith claims against the Defendants, both common law and statutory under the West Virginia Unfair Trade Practices Act ("WVUTPA"). Id. at 18–21.

In their Motion to Dismiss, the Defendants aver the Complaint should be dismissed because it fails to state a claim upon which relief can be granted. ECF No. 5. In support, the Defendants make the following four arguments: (1) the breach of contract and common law bad faith claims against Argo must be dismissed because Argo is not party to the Policy [ECF No. 5-1 at 8–10]; (2) the tortious interference claim is inadequately pleaded [ECF No. 12 at 3–4]; (3) all claims against Colony arising out of its refusal to pay

4

and failing to settle must be dismissed because Colony was not obligated to pay or settle under the Policy [ECF No. 5-1 at 10–12]; and (4) the statutory bad faith claim must be dismissed because it is based only on insufficient conclusory allegations [ECF No. 5-1 at 9–10, 12].

However, on July 14, 2024, the Plaintiff filed a Motion for Summary Judgment Regarding Hayseeds Damages. ECF No. 40. In relevant part therein, the Plaintiff proffered it had "substantially prevailed on its claims for insurance benefits against" the Defendants insofar as the "Plaintiff recovered the full value of the loss as a direct result of filing the instant lawsuit[.]" Id. at 1, 2. In light of the Plaintiff's statements, the Court directed the parties' to inform the Court whether the Defendants' Motion to Dismiss had become moot. ECF No. 41. Thereafter, the parties indicated the Motion to Dismiss was partly moot. See generally ECF Nos. 42, 43. Specifically, the Defendants withdrew argument (3), and the parties agreed arguments (1), (2), and (4) remained ripe for adjudication. Id.

Accordingly, there are only three issues presently before the Court: first, whether dismissal of the breach of contract and/or common law bad faith claim against Argo is appropriate; second, whether the tortious interference claim against Argo is adequately pleaded; and third, whether the statutory bad faith claim is supported by sufficient factual allegations. Below, the Court considers each in turn.

**A. Dismissal of the breach of contract and common law bad faith claims against Argo would be inappropriate at this stage.**

The Defendants argue the breach of contract and common law bad faith claims against Argo should be dismissed because Argo is not a party to the Policy. ECF No. 5-1

at 8–9 (collecting cases). The Plaintiff responds it is unclear who the insurer is under the Policy. ECF No. 11 at 11. In support, the Plaintiff notes Colony is listed on the Policy's declaration page, "Argo Group" is included at the bottom of the signature page, and that the Privacy Notice "appears to describe the [P]laintiff as both a customer and an insured of Argo[.]" Id. at 11–12 (citing ECF No. 5-8 at 3–4, 6, 7). Additionally, the Plaintiff argues, while it remains unsettled law in West Virginia, "the prevailing national trend is that a parent insurance company and its subsidiary insurance company are both deemed parties to an insurance contract where" four elements are met. Id. at 12 (collecting cases).

Upon consideration, the Court finds dismissal of the breach of contract and common law bad faith claims against Argo would be inappropriate at this stage. Dismissal under Rule 12(b)(6) is appropriate where "it appears that the plaintiff[] would not be entitled to relief under any facts [alleged] which could be proved in support of their claim." Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991).

Here, the Defendants assert Argo is not a party to the Policy, cite case law supporting the proposition that a non-party to a contract cannot be liable for breach of that contract or common law bad faith arising from that contract, and then conclude: "As such, the breach of contract claim" and "[t]he common law bad faith claim . . . against Argo . . . should be dismissed." ECF No. 5-1 at 8–9 (citing e.g., Shaffer v. Nat'l Health Ins. Co., 2018 WL 1995525, at *2–3 (N.D. W. Va. Apr. 27, 2018) (Keeley, J.)). The Court finds the Defendants' argument misplaced at the motion to dismiss stage.

To illustrate, the Defendants' argument relies on the premise that Argo is not a party to the Policy. The Plaintiff disputes that premise, contending the Policy "is ambiguous as to the identity of the insurer in this case." ECF No. 11 at 11. The Defendants

6

reply any contention of ambiguity "is belied by [the Plaintiff's] allegations" in the Complaint. ECF No. 12 at 3 (citing ECF No. 1-1 ¶¶ 6–8, 18, 98). To be clear, the allegations cited by the Defendants could reasonably be read as characterizing the Policy as an "insurance contract between Colony . . . and [the Plaintiff]." ECF No. 1-1 ¶ 98. But those allegations are not alone in the Complaint. For example, the Complaint also alleges the "Defendants attempted to assert exclusions[,]" and "Argo . . . and Colony . . . did not honor the terms of the insurance contract." Id. ¶¶ 41, 61. In contrast to the allegations cited by the Defendants, these allegations could reasonably be read as characterizing the Policy as a contract between all the parties—a reading only buttressed by the contractual ambiguities highlighted by the Plaintiff. See also id. ¶ 79 ("The parties to this suit have a contract for insurance which provided coverage to the [P]laintiff[.]"). As follows, accepting the Defendants' argument would require the Court to characterize the allegations in the Complaint against the Plaintiff based on five sentences. At the motion to dismiss stage, the Court is bound to do the opposite. See Edwards, 178 F.3d at 244; see also Patrick v. PHH Mortg. Corp., 937 F. Supp. 2d 773, 793 (N.D. W. Va. 2013) (Groh, J.) (finding "the allegations were sufficient because at least one of the statements was adequate to state a claim[.]").

Therefore, the Court holds dismissal of the breach of contract and common law bad faith claims against Argo would be inappropriate at this stage. Accordingly, the Defendants' Motion shall be denied as to the same.

**B. The tortious interference claim against Argo is inadequately pleaded.**

In relevant part, Federal Rule of Civil Procedure 10(b) requires that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . .

7

must be stated in a separate count[.]" Fed. R. Civ. P. 10(b); see also W. Va. R. Civ. P. 10(b). "In keeping with the rule, the courts have required a separate count for each distinctive statutory, constitutional, or common law claim." Livingston v. Village of Dolton, 2003 WL 1463635, at *6 (N.D. Ill. Mar. 20, 2003); see also Shonk v. Fountain Power Boats, 338 F. App'x 282, 287 (4th Cir. 2009); accord Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996). "There are two purposes for requiring separate counts: (1) to give fair notice to the defendants of the claims against them; and (2) to enable the court to grant relief on an entire count, not just part of a count." Livingston, 2003 WL 1463635 at *6.

Pursuant to Rule 10(b), the Court finds the tortious interference claim is inadequately pleaded. The Complaint lists two Counts. Count One is titled "Breach of Contract," and Count Two is titled "Violation of the UTPA and Common Law Bad Faith." ECF No. 1-1 at 14, 18. As highlighted by the Defendants, the only reference to any tortious interference claim is listed "under the 'Count One Breach of Contract' cause of action." ECF No. 12 at 3 (citing ECF No. 1-1 ¶ 98). Specifically, a single paragraph asserts "Argo . . . tortiously interfered with the insurance contract between Colony" and the Plaintiff. ECF No. 1-1 ¶ 98.

As pleaded, the tortious interference claim undermines both purposes of Rule 10(b). First, the Complaint fails to give the Defendants fair notice of a tortious interference claim. That failure is evidenced in significant part by the fact that the Defendants' Motion to Dismiss does not once acknowledge a tortious interference claim. Most telling, however, is that in arguing a tortious interference claim is adequately pleaded, the Plaintiff cites only ¶ 98 and the Complaint generally. ECF No. 11 at 13. A claim referenced in a

single paragraph and listed under a count titled for a different cause of action is insufficient to provide the Defendants fair notice of the claims against them.

Second, the Complaint fails to enable the Court to grant relief on an entire count. As the Plaintiff makes clear, any tortious interference claim is necessarily pleaded as an alternative to the breach of contract claim. See ECF No. 11 at 13 ("Assuming *arguendo* that Argo . . . is not a party to the insurance contract, it is liable for tortiously interfering with [the Policy]."). Indeed, the law is well-settled that a plaintiff cannot recover under both a breach of contract claim and a tortious interference claim. See Syl. Pt. 6, Hatfield v. Health Mgmt. Assocs., 223 W. Va. 259, 262 (2008). As follows, the Court is unable to grant relief on the entirety of Count One.

Therefore, pursuant to Rule 10(b), the Court holds the tortious interference claim is inadequately pleaded. Accordingly, the Defendants' Motion shall be granted as to the same.

### C. The statutory bad faith claim is supported by sufficient factual allegations.

The Defendants argue the WVUTPA statutory bad faith claim must be dismissed because "there are no factual allegations in the Complaint sufficient to maintain such a claim against [the Defendants]." ECF No. 5-1 at 9. Specifically, the Defendants aver the Plaintiff has not pleaded facts establishing the Defendants had a "general business practice" of committing unfair claim settlement practices. Id. In support, the Defendants cite Watson v. Erie Insurance Property & Casualty Company, 2022 WL 1510547, at *2 (S.D. W. Va. May 12, 2022).

In response, the Plaintiff contends the Complaint "describes detailed violations of" five subsections of the WVUTPA that together "rise to the level of a general business

9

practice." ECF No. 11 at 7–10 (citing W. Va. Code § 33-11-4(9)(b), (c), (d), (f), (g)). Additionally, the Plaintiff argues the Defendants' reliance on Watson "is telling" insofar as the Complaint here is far more detailed than the "threadbare recitals" in the Watson complaint. Id. at 11. In the Plaintiff's view, the Complaint includes "significantly" more detailed and substantial allegations than other complaints previously held sufficient. Id. at 10 (citing United Bankshares, Inc. v. St. Paul Mercury Ins. Co., 2010 WL 4630212, at *7 (S.D. W. Va. Nov. 4, 2010); Gue v. Nationwide Ins. Co., 2021 WL 3576697, at *5 (S.D. W. Va. Aug. 12, 2021); Skiles v. Mercado, 2016 WL 183921, at *8 n.7 (S.D. W. Va. Jan. 14, 2016)).

Upon consideration, the Court finds the statutory bad faith claim is supported by sufficient factual allegations. To establish a statutory bad faith under the WVUTPA, a plaintiff "must demonstrate that the insurer (1) violated the WVUTPA in the handling of the claimant's claim and (2) that the insurer committed violations of the WVUTPA with such frequency as to indicate a general business practice." Holloman v. Nationwide Mut. Ins. Co., 217 W. Va. 269, 276 (2005). To show a "general business practice," the Supreme Court of Appeals of West Virginia has held:

> [T]he evidence should establish that the conduct in question constitutes more than a single violation of W. Va. code §33-11-4(9), that the violations arise from separate discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event.

Syl. Pt. 4, Dodrill v. Nationwide Mut. Ins. Co., 201 W. Va. 1, 4 (1996). Additionally, the "general business practice" must have existed "*at the time* the claim at issue was handled." Holloman, 217 W. Va. at 276.

Here, the Complaint alleges sufficient facts to support the statutory bad faith claim. For example, the Plaintiff asserts the Defendants "wrongfully denied the [Plaintiff's] claims, failed to issue a timely coverage decision, and refused to settle the [Plaintiff's] claims." United Bankshares, Inc., 2010 WL 4630212 at *7; ECF No. 1-1 ¶¶ 49, 51, 52, 55–56. Such allegations are "separate, discrete acts or omissions, each of which constitute violations of different sub-paragraphs of W. Va. code § 33-11-4-(9)." Dodrill, 201 W. Va. at 12. Thus, "[t]he Court finds these allegations are sufficiently discrete violations to plausibly state a claim of a general business practice." Gue, 2021 WL 3576697 at *5; see also Parsons v. Standard Ins. Co., 185 F. Supp. 3d 909, 915–16 (N.D. W. Va. 2016) (Keeley, J.) (finding allegations that plaintiff "is entitled to the benefits for which he has paid, and the insurers' refusal amounts to a violation of [WV]UTPA" sufficient to survive a motion to dismiss).

Therefore, the Court holds the statutory bad faith claim is supported by sufficient factual allegations. Accordingly, the Defendants' Motion shall be denied as to the same.

### IV.    CONCLUSION

For all those reasons, the Defendants' Motion to Dismiss [ECF No. 5] is **DENIED IN PART and GRANTED IN PART**. Specifically, the Defendants' Motion is **GRANTED as to** the tortious interference claim, which is hereby **DISMISSED WITHOUT PREJUDICE**. The Defendants' Motion is **DENIED as to** all other claims, which shall continue in due course.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: September 26, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE